Oropallo v. Ackerman                    CV-93-209-SD  09/25/95
                    UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE


Charles J. Oropallo

     v.                                          Civil No. 93-209-SD

Loran Ackerman, et al



                              O R D E R


     This matter comes before the court on certain pending
motions.


1.  Plaintiff's Motion to Dismiss Without Prejudice and Issue
Order to Defendants, document 44

     Having completed the copying of his habeas corpus pleadings
from his word processor disks and having been granted additional
storage space to hold his legal materials, plaintiff moves to
dismiss this suit without prejudice.  However, he seeks to
condition this dismissal on the issuance of a further order from
the court directing defendants to refrain from any future
interference with his legal materials.

     The defendants object on the ground that the completion of
copying and the provision of additional storage space mandates
dismissal of the case with prejudice and without entry of further

orders.  Document 45.  In response to the objection, plaintiff points out that his complaint (Document 3, at 23) seeks money damages.  Document 46, at 1.  Plaintiff suggests that if his pending habeas corpus action is unsuccessful, there will probably be no damages sustained, but if he succeeds in the habeas corpus proceeding, he will claim entitlement to damages for "the additional years of delay."  Id. at 1.[1]

The motion at issue is governed by Rule 41(a)(2), Fed. R. Civ. P.[2]  Thereunder, dismissal without prejudice "should be permitted . . . unless the court finds that the defendant will suffer legal prejudice.  Neither the prospect of a second suit nor a technical advantage to the plaintiff should bar the dismissal."  Puerto Rico Maritime Shipping Auth. v. Leith, 668 F.2d 46, 50 (1st Cir. 1981) (citations omitted).

As there is nothing currently pending upon which this court can act, as the circumstances at present do not permit the

---

[1]The court expresses no opinion on the damages argument. Suffice it to say, if the action is now dismissed without prejudice, any damage claims can be brought if indeed such damages accrue.  The proper procedure in such matter is not to stay further proceedings, but to dismiss without prejudice.

[2]In general, when issue has been joined, Rule 41(a)(2) provides that "an action shall not be dismissed at the plaintiffs' instance save upon order of the court and upon such terms and conditions as the court deems proper. . . .  Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

2

issuance of further orders,[3] and as there is no prejudice to defendants, the court will order dismissal of this litigation without prejudice.

## 2. Motion for Miscellaneous Relief, document 46

By medium of a letter dated July 25, 1995, directed to the clerk of this court, plaintiff seeks to have the word processor disks remaining in custody of this court transmitted to his father in Loudonville, New York. Treating the letter as a "motion for miscellaneous relief," the court herewith grants said motion and directs the clerk to transmit said disks to plaintiff's father.

## 3. Conclusion

The court has granted in part plaintiff's motion to the extent that this action is dismissed without prejudice. The court has denied that part of the motion which seeks the issuance at this time of an order preventing the defendants from interference in the future with plaintiff's legal materials.

The court has granted plaintiff's request that the word processor disks remaining in the custody of the court be

---

[3]Courts cannot issue advisory opinions grounded upon circumstances that may, or may not, occur.

3

transmitted to plaintiff's father in Loudonville, New York.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

September 25, 1995

cc:  Charles J. Oropallo, pro se
     Lucy C. Hodder, Esq.

4